IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST MORRIS<br>    Movant, | : | |
| v. | : | CIVIL ACTION<br>NO. 15-1352 |
| COMMONWEALTH OF<br>PENNSYLVANIA<br>    Respondent. | : | |

**MEMORANDUM**

Jones, II   J.                                                                                  October 29, 2018

## I.   INTRODUCTION

Presently before this Court is Movant Ernest Morris's Motion for Relief Under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60 Motion") from this Court's Order dated January 24, 2017, which denied and dismissed with prejudice Movant's Petition for Writ of Habeas Corpus. For the reasons below, Movant's Motion shall be denied.

## II.   BACKGROUND

On October 14, 2009, Movant was convicted of criminal conspiracy, first degree murder, second degree murder, first degree murder of an unborn child, kidnapping, burglary, false imprisonment, possession of an instrument of crime, and possession of a weapon. (Trial Tr. 15:12-18:25, Oct. 14, 2009, ECF No. 9-109.) Movant was ultimately sentenced to three (3) consecutive terms of life imprisonment without parole, plus a consecutive term of 43 to 90 years. (Sentencing Tr. 4:19-22, 52:6-54:22, Dec. 18, 2009, ECF No. 9-108.)

On January 19, 2010, Movant appealed his conviction, claiming the trial court erred in denying his Speedy Trial Motion. (ECF Nos. 9-110, 9-116.) On November 1, 2010, the Superior

1

Court of Pennsylvania affirmed judgment. (*Commonwealth v. Morris*, No. 243 EDA 2010 (Pa. Super. 2010), ECF No. 9-99.) On December 30, 2010, Movant filed a *pro se* Petition pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. ("PCRA"), seeking the reinstatement of his appellate rights so that he could file a Petition For Allowance of Appeal with the Supreme Court of Pennsylvania. (ECF No. 9-97.) New counsel was appointed, and the PCRA court granted the requested relief. (ECF No. 9-74.) On December 29, 2011, the Pennsylvania Supreme Court denied allocator. (ECF No. 9-65.)

On July 11, 2012, Movant filed a second PCRA petition (ECF No. 9-66) that was subsequently dismissed by the PCRA court without an evidentiary hearing. (ECF No. 9-28.) Movant appealed to the Superior Court of Pennsylvania, raising thirty-eight (38) issues for consideration. (ECF No. 9-19.) The Superior Court held that most of the thirty-eight issues had not been preserved for appellate review, and that Movant failed to allege that counsel's decision to forego these issues on direct appeal "could not have been the result of any rational, strategic or tactical decision by counsel" pursuant to 42 Pa.C.S.A. § 9534(a)(4). (ECF No. 9-3 at 12-13.) Movant subsequently sought allocator, which was denied on February 4, 2015. (ECF No. 9-2.)

On March 18, 2015, Movant filed a timely Petition for Writ of Habeas Corpus (ECF No. 1-1.) Pursuant to Local Civil Rule 72.1, the matter was referred to United States Magistrate Judge Richard A. Lloret for a Report and Recommendation ("R&R"). In an R&R filed on June 29, 2016, Judge Lloret determined that Movant's claims were procedurally defaulted and/or without merit, and recommended dismissal of his Petition. (ECF No. 23.) Movant filed Objections to the R&R, which this Court independently and carefully considered before adopting and approving the R&R, and dismissing Movant's Petition with prejudice on January 24, 2017.

(ECF No. 35.) Of relevance to the instant Motion, this Court previously found the following two claims to be without merit:

      a) Ineffective assistance of counsel for failing to litigate the suppression of cell phone tower information; and,

      b) Ineffective assistance of counsel for pursuing a trial strategy that conceded Morris's guilt.

On February 23, 2017, Movant filed an Application for Certificate of Appealability. (EFC No. 39.) On June 8, 2018, the Court of Appeals for the Third Circuit denied Movant's Application. (EFC No. 46.) On July 30, 2018, Movant filed the instant Motion requesting relief from judgment under Federal Rule of Civil Procedure 60(b)(6).

### III.    STANDARD OF REVIEW

Rule 60(b)(6) provides grounds for relief from a "final judgment, order, or proceeding for . . . any other reason [not enumerated] that justifies relief." Fed.R.Civ.P. 60(b)(6). Rule 60(b)(6) serves as the catch-all provision in Rule 60(b), and vests power in courts adequate to enable them to "vacate judgments whenever such action is appropriate to accomplish justice." *Budget Blinds, Inc. v. White,* 536 F.3d 244, 254 (3d Cir. 2008) (quoting *Klapprott v. U.S.*, 335 U.S. 601, 614-15 (1949)) (internal quotation marks omitted). The Third Circuit has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for "extraordinary relief," and may only be invoked upon a showing of "exceptional circumstances." *Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). A movant bears the burden of establishing entitlement to such equitable relief. *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014).

In determining whether a movant has presented sufficiently exceptional circumstances to merit relief, the Third Circuit has long employed a "flexible, multifactor approach to Rule 60(b)(6) motions, including those built upon a post-judgment change in the law, that takes into

account all the particulars of a movant's case." *Id.* ("[A] district court must consider the full measure of any properly presented facts and circumstances attendant of the movant's request."); *See also Coltec* at 274 (noting, in the context of 60(b)(6) analysis, the propriety of "explicit[ly]" considering "equitable factors[,]" in addition to a change in the law). Nevertheless, "intervening changes in the law *rarely* justify relief from a final judgment under [Rule] 60(b)(6)." *Cox* at 121

IV. DISCUSSION

A. *Carpenter v. United States* Does Not Warrant Relief Under Rule 60(b)(6)

Movant argues that this Court's finding that counsel adequately attempted to suppress Cell Site Location Information ("CSLI") conflicts with the Supreme Court's decision in *Carpenter v. United States*.[1] Approximately five (5) months after this Court's denial of Movant's Petition for Writ of Habeas Corpus, the Supreme Court held that the government violates the Fourth Amendment by accessing CSLI without a search warrant, reasoning that there is a legitimate expectation of privacy in CSLI. *See* No. 16-402, slip op. at 18. In the wake of *Carpenter,* Movant now claims his counsel was ineffective because pursuit of the CSLI suppression issue on direct appeal would have ultimately been successful per *Carpenter*, had counsel not abandoned the claim.

Movant's claim lacks merit, as *Carpenter* does not render the efforts of Movant's counsel constitutionally ineffective. The suppression of CSLI was litigated in 2009—nine (9) years before the *Carpenter* decision was issued by the Supreme Court. To state, as Movant has, that pursuit of this issue on direct appeal would ultimately have been successful pursuant to law that had not yet come into existence, ignores the functionality of precedent and relies on misplaced

---

[1] No. 16-402 (U.S. June 22, 2018).

conjecture and surmise. Consistent with the Court's previous findings, the record reflects the adequacy of Movant's counsel when he had extensively litigated the suppression of CSLI:

> During the initial proceedings, Attorney McMahon conducted a thorough cross-examination of the Commonwealth's expert, Roger Boyell, regarding the expert's ability to accurately testify as to the CSLI. Mr. McMahon specifically questioned the witness regarding the various tests he conducted to verify the accuracy of using CSLI to track the location of a person when they make a call on a cell phone. He also questioned Mr. Boyell's use of margins of error in his analysis and the lack of peer review for the methodology Mr. Boyell employed. Mr. McMahon vigorous argued that the court should exclude both Mr. Boyell's testimony and the CSLI. Though he was ultimately unsuccessful, it cannot be said that counsel's performance was constitutionally deficient.

(ECF No. 35 at 16) (internal citations omitted).

As applied to Movant, *Carpenter* does not represent a change in law that would necessarily render counsel's performance constitutionally ineffective. Accordingly, Movant has failed to meet his burden of demonstrating sufficiently "exceptional circumstances" warranting relief under Rule 60(b)(6).

Assuming arguendo *Carpenter* was timely precedent for Movant, it remains inapplicable. On PCRA appeal, the Pennsylvania Superior Court observed "[t]he issue of suppression was extensively litigated prior to the second trial, with the trial court ruling ultimately denying the suppression motion on the grounds that Morris lacked standing because he had no possessory interest in the cell phone at issue." *Commonwealth v. Morris*, No. 2564 EDA 2013, at 6 (Pa. Super. Oct. 10, 2014). This Court found the Superior Court's conclusion to be supported by evidence of record. (ECF No. 35 at 15-16.) The cell phone that Movant used the night of the murders did not belong to him, but rather his girlfriend, to whom he returned the cell phone following the murders. (ECF No. 23 at 20.) Movant's lack of possessory interest in the cell

phone reveals the inapplicability of *Carpenter*, which necessarily negates any claim that his counsel was constitutionally ineffective on this basis.

      **B.**      **Movant's Rule 60(B)(6) Motion as it Relates to *McCoy v. Louisiana* Amounts to a Second or Successive Habeas Petition and Cannot be Reviewed Absent Permission From The Third Circuit Court of Appeals**

The Supreme Court's decision in *Gonzalez v. Crosby*[2] restricts this Court's jurisdiction over Movant's claim pursuant to *McCoy v. Louisiana*.[3] In *Gonzalez*, the Supreme Court held that a district court must independently analyze Rule 60(b) arguments to ensure compliance with 18 U.S.C. § 2244, which prohibits district courts from considering a second or successive claim for habeas relief without approval from the appropriate Court of Appeals. 545 U.S. at 528. "[A] Rule 60(b) motion cannot be used to present a ***new claim for relief*** or to present ***new evidence*** for a claim already litigated because permitting such motions would 'circumvent the requirement that a successive habeas petition be precertified by the Court of Appeals.'" *United States v. Schwartz*, No. CR 03-35-1, 2018 WL 847767, at *3 (E.D. Pa. Feb. 12, 2018) (quoting *Gonzalez* at 532) (emphasis added). A Rule 60(b) Motion is proper when it attacks "some defect in the integrity of the federal habeas proceedings." *Gonzalez* at 535. However, Rule 60(b) is not available if the motion asserts a "federal basis for relief from a state court's judgment of conviction." *Id.* at 530.

In his original habeas Petition, Movant claimed that counsel's performance was deficient because he effectively guaranteed Movant's guilt as an accomplice by not pursuing a defense of duress. Movant now argues that this Court's finding regarding counsel's strategy as it pertained to how he would portray Movant's involvement in the murders, conflicts with *McCoy*, another recent decision from the U.S. Supreme Court.

---

[2] 545 U.S. 524 (2005).
[3] 138 S.Ct. 1500 (2018).

On appeal, the Pennsylvania Superior Court determined that petitioner failed to demonstrate he suffered prejudice and that he also failed to identify "any evidence or alternative strategy that counsel could have utilized that would have resulted in a reasonable probability that the result of trial would have been different." (ECF No. 9-3 at 22.) Judge Lloret found no error in the Superior Court's conclusions, and determined that Movant failed to specifically articulate how or why he was prejudiced by counsel's strategy. (ECF No. 35 at 16-17.)

On May 14, 2018—4 months after this Court denied Movant's habeas Petition—the Supreme Court held that the Sixth Amendment guarantees a criminal defendant the right to choose the objective of his defense and to insist that his counsel refrain from admitting guilt. *See McCoy v. Louisiana,* 138 S.Ct. 1500, 1505 (2018). In *McCoy*, the defendant insisted that he did not engage in the charged acts and adamantly objected to any admission of guilt. *Id.* at 1503. However, in an attempt to avoid death penalty, counsel told the jury that the defendant had committed three murders. *Id.* The Supreme Court determined that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty. *Id.* at 1505.

In the instant Motion, Movant asserts that his Sixth Amendment right to determine the objective of his defense was violated pursuant to *McCoy*. Specifically, Movant now claims that counsel unilaterally made the decision to call Movant to testify at trial against his allegedly explicit and repeated desire to remain silent. The facts upon which Movant predicates his argument are completely absent from his original Habeas Petition. Indeed, Movant's argument reveals that he is not attacking "some defect in the integrity of the federal habeas proceedings," but rather, is presenting an entirely new federal basis for relief from his underlying conviction. Thus, this Court finds that Movant's Rule 60 Motion amounts to a second or successive habeas

petition, which this Court lacks proper jurisdiction to review under 18 U.S.C. § 2244 absent permission from the Court of Appeals.

Assuming *arguendo* this Court did possess jurisdiction over Movant's *McCoy* claim, it lacks merit. Movant herein does not allege that counsel literally conceded guilt as did counsel in *McCoy*. Rather, Movant claims his counsel *effectively* conceded guilt by calling Movant to the stand to testify at trial when Movant preferred instead to have proceeded under a theory of duress and to have remained silent.[4] Inasmuch as the factual dissimilarities between *McCoy* and the instant Motion are abundantly obvious, *McCoy* simply does not apply to this claim.[5] Moreover, the Supreme Court specifically indicated in its Opinion that ineffective assistance of counsel jurisprudence played no part in its decision because it was a client's autonomy—not counsel's competence—that was at issue. 138 S.Ct. at 1510-11. Thus, this Court finds that *McCoy* does not represent a change in decisional law that would warrant relief under Rule 60(b)(6) and therefore rejects Movant's argument on the merits.

---

[4] In its assessment of Movant's original habeas Petition, this Court rejected his claim that counsel's strategy regarding how he would portray Movant's involvement constituted ineffective assistance of counsel. *See* EFC No. 35 ("At no point in any of Petitioner's voluminous correspondence with various courts, has Petitioner articulated how or why he was prejudiced by [counsel's] trial strategy.").

[5] *See United States v. Rosemond*, 322 F. Supp. 3d 482, 487 (S.D.N.Y 2018) (rejecting the interpretation that *McCoy* captures anything other than a defendant's decision to maintain innocence or concede guilt) ("This Court is not prepared to read *McCoy* so broadly absent definitive guidance from the higher courts."); *United States v. Ortiz*, No. CR 11-251-08, 2018 WL 4006335, at *2 (E.D. Pa. Aug. 21, 2018) (holding that *McCoy* was inapplicable to a Rule 59(e) Motion because counsel did not literally concede defendant's guilt).

## V. CONCLUSION

For the reasons set forth hereinabove, Movant's Motion shall be denied.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II            J.